# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**April 9, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **J.L. and B.F.**

**No. 17-1071** (Randolph County 2016-JA-73 and 74)

## MEMORANDUM DECISION

Petitioner Mother A.W. by counsel G. Phillip Davis, appeals the Circuit Court of Randolph County's November 3, 2017, order terminating her parental rights to J.L. and B.F.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Gregory R. Tingler, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights to the children when the issues of abuse and neglect were correctable.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Subsequent to an original petition filed in the Circuit Court of Nicholas County and a transfer, the DHHR filed an amended petition in the Circuit Court of Randolph County in September of 2016 that alleged the parents abused the children by failing to provide them proper supervision and shelter. Further, according to the amended petition, the children disclosed sexual abuse by a juvenile relative who lived near the home. According to the petition, after the children informed the parents of the abuse, the parents continued to allow the offending juvenile access to the children. The amended petition also contained allegations of domestic violence and substance abuse. Petitioner waived her preliminary hearing.

Later that month, the circuit court held an adjudicatory hearing, during which petitioner stipulated to the allegation that she failed to properly supervise the children and received a post-adjudicatory improvement period. Pursuant to the terms and conditions of her improvement period, petitioner was required to submit to random drug screens and provide negative screens in

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

order to exercise visitation with the children. Thereafter, the circuit court held a series of review hearings. Despite some positive drug screens and other issues of noncompliance, the circuit court nonetheless permitted the improvement period to continue and eventually granted petitioner multiple extensions of the same.

In August of 2017, the DHHR filed a motion to terminate petitioner's parental rights upon allegations that she failed to comply with the terms and conditions of her improvement period or otherwise remedy the conditions of abuse and neglect. In September of 2017, the circuit court held a hearing concerning petitioner's improvement period, during which it found that petitioner was not "wholly consistent in visitation with the children" and further that she provided positive drug screens and failed to comply with random screening. Accordingly, the circuit court found that petitioner had not satisfactorily complied with the terms of her improvement period and terminated the same. The circuit court further ordered that petitioner could continue to participate in supervised visitation under the terms previously set forth.

In October of 2017, the circuit court held a dispositional hearing. A DHHR worker testified to petitioner's noncompliance and the fact that one service provider terminated petitioner's services due to the noncompliance. The DHHR employee also testified that petitioner's last visit with the child was in August of 2017. The circuit court also heard evidence of a drug screen petitioner failed in September of 2017. During the hearing, petitioner moved for a dispositional improvement period, which both the DHHR and the guardian opposed. Ultimately, the circuit court found that it could not return the children to petitioner since she "[chose] to use drugs over visiting with and regaining custody of" the children. This finding was based, in part, upon the fact that petitioner failed to report for any drug screens after the prior hearing in order to exercise visitation with the children. Accordingly, the circuit court found there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect and that termination of her parental rights was necessary for the children's welfare. By order entered on November 3, 2017, the circuit court terminated petitioner's parental rights to the children.[2] It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if

---

[2]Additionally, the fathers' parental rights to the children were either terminated or voluntarily relinquished below. The children remain in a foster home with a permanency plan of adoption therein.

the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights when the conditions of abuse and neglect were correctable. According to petitioner, because the circuit court noted that she did "a few things sort of well," it should have imposed a less-restrictive dispositional alternative. We do not agree, as petitioner is incorrect in her assertion that the conditions of abuse and neglect were correctable. On the contrary, citing petitioner's failure to comply with random drug screens, the positive screens she did provide on the occasions she submitted, and her failure to visit with the children, the circuit court specifically found that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts . . . designed to reduce or prevent the abuse or neglect of the child[.]" As set forth above, petitioner failed to follow through with the family case plan by virtue of her noncompliance with the terms and conditions of her improvement period. The circuit court further found that termination of petitioner's parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon these findings.

We have also held as follows:

"[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Here, petitioner received multiple continuances of her improvement period in an effort to afford her time to make sufficient improvement. Despite the extended nature of her improvement period, the circuit court ultimately found that petitioner chose "to use drugs over visiting with and regaining custody of" the children. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W.Va. 79, 90, n.14, 479 S.E.2d 589, 600, n.14 (1996)(citing *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 228 and 237, 470 S.E.2d 177, 182 and 191 (1996); *State ex rel. Amy M. v. Kaufman*, 196 W.Va. 251, 259, 470 S.E.2d 205, 213 (1996)). Accordingly, based on the foregoing evidence, we find no error in the circuit court's finding that

petitioner could not correct the conditions of abuse and neglect or its termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 3, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**:  April 9, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker